**FILED**

NOV 26 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> SWEVEN WATERMAN, <br> Defendant. | No. 12-707 SBA (DMR) <br><br> DETENTION ORDER |

## I. BACKGROUND AND INTRODUCTION

Defendant Sweven Waterman is charged in an indictment with a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). Mr. Waterman made his initial appearance on November 19, 2012. At that time, the United States moved for his detention pursuant to the Bail Reform Act and asked for a hearing as permitted by 18 U.S.C. § 3142(f). Pretrial Services prepared a full bail study, which recommended Mr. Waterman's detention. The court held a detention hearing on November 26, 2012, at which each side was given the opportunity to make their proffers to the court. Having fully considered the matter, the court orders that Mr. Waterman be detained.

## II. LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release. If the government does not meet its

DETENTION ORDER
CR 12-707 SBA (DMR)                    1

cc: Copy to parties via ECF, Lisa, Pretrial Services, 2 Certified copies to U.S. Marshal

burden, the Court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or community danger. Close cases should result in release "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). In non-capital cases, the court should deny pretrial release "only in rare circumstances." *Motamedi*, 767 F.2d 1403 at 1405 (citations omitted); *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act) ("In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.").

The court must order a defendant detained if it finds that it cannot fashion conditions to assure the defendant's appearance in court or the safety of the community or another person. 18 U.S.C. § 3142(e)(1). The government bears the burden of proof on either prong. To prove that no condition or combination of conditions can assure that the accused will appear at required court hearings, the government must show by a preponderance of the evidence that the accused is a flight risk. *United States v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990) (citing *Motamedi*, 767 F.2d at 1406). The government must prove that the defendant poses a non-mitigable danger to the community through clear and convincing evidence. *Id.* (citing *Motamedi*, 767 F.2d at 1406).

For certain charged offenses, including drug crimes with a maximum prison term of at least ten years, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person . . . and the safety of the community." 18 U.S.C. § 3142(e)(3). The presumption shifts a burden of production to a defendant, but the burden of persuasion remains with the government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). The presumption is not erased when a defendant proffers rebutting evidence; "rather, the presumption 'remains in the case as an evidentiary finding

DETENTION ORDER
CR 12-707 SBA (DMR)                                2

militating against release, to be weighed along with'" the other relevant evidence. *Id.* (citation omitted).

Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f)(2). At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *Id.* The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405 (citations omitted).

In evaluating whether pretrial release is appropriate, a court must consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

Mr. Waterman has been charged as a felon in possession of a firearm. He is 28 years old, and has lived his entire life in the East Bay area. He has lived with his mother on and off for the past ten years. He has one minor child with his fiancee. He did not graduate from high school, and it is unclear whether he obtained a GED.

Mr. Waterman has been unemployed for the past several months, and declined to provide further information upon advice of counsel. He provided care for his grandmother for approximately two years in 2009-2011 in exchange for room and board. He has not held steady outside employment for any significant period of time.

Mr. Waterman reported that he is a social drinker, and that he has used marijuana and cocaine in the past, but stated that this use was occasional.

Mr. Waterman's criminal record began in 1997, with a juvenile arrest for armed robbery. He was referred to juvenile hall for burglary, possession of tear gas, and taking vehicles without

consent. He also sustained a juvenile arrest in 1998 for second degree robbery. In 2002 he was convicted of two felonies, for receipt of stolen property, and for attempt of same. In 2002 or 2003, he was committed to a two year prison term for second degree robbery. In 2005, he sustained another felony conviction for use of a fictitious check with a prior offense, as well as a misdemeanor DUI. In 2005, he was sent to prison for a parole violation. In 2007, he sustained yet another felony conviction, this time for possession of a controlled substance. He was committed to another two year prison sentence in 2007 for a parole violation. In 2010, he entered custody for a 16-month prison term for a violation of parole and for a felony conviction for evading a peace officer.

    Viewing the record as a whole, the court finds that the government has met its burden of establishing by clear and convincing evidence that Mr. Waterman presents a danger to the community that cannot reasonably be mitigated. Mr. Waterman's criminal record includes numerous felony convictions, including crimes of violence and drugs. He has already served three prison sentences, at least two of which were connected to parole violations. He committed many of his crimes while on community supervision, and indeed, is currently on active parole, all indicating that he may not be amendable to such supervision.

    The court therefore detains Mr. Waterman. He shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: November 26, 2012

                              DONNA M. RYU
                              United States Magistrate Judge